UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
CHUCK MCCUNE and
CHUTHAMARD MCCUNE

    Debtors.

Case No. 20-12326-JA13

### CREDITOR'S OBJECTION TO DEBTORS' MOTION TO CONVERT CHAPTER 13 CASE TO CHAPTER 11 CASE – SUBCHAPTER 5

Robert L. Pidcock, attorney and personal representative of creditor, Estate of Thomas W. Kuehn (Creditor), hereby objects to Debtors' motion to convert the Chapter 13 case to a Chapter 11, subchapter V case.

Creditor objects on the following grounds:

**The Motion Fails To State the Grounds For Any Conversion**

1. The Motion fails to comply with Fed. R. Bankr. P. 9013 which requires that a motion "shall state with particularity the grounds therefor." (Rule 9013). In essence, the Motion simply states that the two individual Debtors wish to convert to a small business reorganization, and that they meet what they call the statutory debt limit, which is stated inaccurately and is actually $7,500,000, per 11 U.S.C. §1182 at this time. That is it.

2. No creditor or any court could determine whether any such vague motion has any merit and is not simply interposed for delay. That appears to be the point. If the Court grants the motion,

1

months of delay will necessarily result, whether or not the motion has absolutely any merit, much as has already occurred.

**The Motion To Convert Is Interposed For Delay**

3. Debtors have been forced to concede that they do not meet the debt limits for Chapter 13, under which the petition was filed and the case has existed for nearly seven months. (Motion, ¶5). Debtors do not wish to face this Court at the hearing in response to the motion to dismiss that was pending, which was to occur eleven days after the filing of the instant motion, with disclosures of witnesses and exhibits to occur just the day after the filing of the instant motion. Debtors delayed absolutely as long as was possible with the improper Chapter 13 case, before filing the instant motion to convert.

4. The evidence shows that this entire bankruptcy case is about delaying the execution of the state court judgment, since the execution of the judgment was being pursued, and Debtors were ordered to provide any other evidence that they had for exemptions to execution, the very day after the bankruptcy petition was filed. (Exhibit 1, transcript of state court hearing/examination of December 16, 2020, page 16, lines 11-16).

5. Debtors failed to provide any further evidence to the state court that day, and filed the bankruptcy petition the day before the deadline, instead, gaining the automatic bankruptcy stay. Now, nearly seven months later, and with little progress in the

bankruptcy matter, Debtors seek to gain months more of delay by converting the case from one chapter under which they knew they did not qualify, to another chapter under which they fail to state the necessary facts to determine whether or not they qualify.

**Debtors Do Not Allege the Factors Necessary to Qualify Under Subchapter V**

6. Qualification to be a debtor under Subchapter V is not automatic, and Debtors have only stated one of the requirements (the overall debt limit) in the motion.

7. Greater than fifty per cent of a debtor's debts must be from business or commercial activities to qualify as a "debtor." 11 U.S.C. §1182(1)(A). Debtors fail to state they meet this requirement.

8. Debtors fail to state if they meet the requirements of the Securities Exchange Act of 1934 stated in §1182, in order to qualify as a "debtor." 11 U.S.C. §1182(1)(B)(ii) and (iii).

**Debtors Filed the Petition As Two Individuals and Fail To State What Business Is To Be Reorganized In A Conversion To Chapter 11, Subchapter V**

9. Subchapter V is entitled "Small Business Debtor Reorganization." However, Debtors fail to identify any such business that they seek to reorganize.

10. It stands to reason that any such business would need to be a sole proprietorship to be reorganized by the two Debtors who

3

are the bankruptcy petitioners, pursuant to the petition filed in this matter, to qualify under their personal names. Debtors have failed to identify any such business.

Wherefore, Creditor asks this Court to deny the motion interposed for delay, and grant such further relief as is just.

/s/ Robert L. Pidcock
Robert L. Pidcock
Attorney and Personal Representative for
Estate of Thomas W. Kuehn
Rlpidcock@aol.com
501 Wyoming Blvd. SE
Albuquerque, New Mexico 87123
(505)883-6300

I hereby certify that this filing was filed electronically with the Court causing a true copy of this filing to be served through the Court's electronic system upon all attorneys and parties identified with the Court for electronic service on the record in this case on July 12, 2021, and that no service was performed by mail:

/s/ Robert L. Pidcock
Robert L. Pidcock

```
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO


ROBERT PIDCOCK,

      Plaintiff,

v.                              Cause No. D-292-CV-2019-03218

CHUCK MCCUNE, et al.,

      Defendants.



                  TRANSCRIPT OF PROCEEDINGS


         On the 16th of December 2020 this matter came on

for HEARING before THE HONORABLE NANCY J. FRANCHINI,

Division V of the Second Fifth Judicial District.

         The Plaintiff, ROBERT PIDCOCK, appeared pro se,

Robert L. Pidcock Attorney at Law, 501 Wyoming Boulevard,

Southeast, Albuquerque, New Mexico 87123-3112.

         The Defendants, CHUCK MCCUNE, et al., appeared by

Chuck McCune, pro se.

         At which time the following proceedings were had:




                           Exhibit 1
```

WILLIAMS & ASSOCIATES -- COURT REPORTING SERVICE
505-843-7789

Page 16

PIDCOCK vs. McCUNE, et al.  Transcript of Proceedings
D-0202-CV-2019-03218  December 16, 2020

1  today.  It's your choice.
2         MR. PIDCOCK:  I think I'd just as soon go forward
3  today, Your Honor, and -- and take his deposition.
4         THE COURT:  That's perfectly fine.
5         So this is what's going to happen, Mr. McCune.
6  Mr. Pidcock is going to be allowed to depose you as was
7  noticed for today.  However, I'm still giving you the
8  opportunity -- I'm going to give you -- hold on -- I am
9  giving you -- I'm trying to figure out the date.  Hold on
10 one second.
11        So today is the 16th.  You have until
12 December 30th to provide to Mr. Pidcock, as well as to file
13 with the court, your proof of who the owner is of all of
14 these things you've listed in your declaration number two.
15 I will then hold a hearing thereafter to make a decision
16 whether those are valid exemptions or not.  But regardless,
17 Mr. Pidcock is allowed to depose you at this time, number
18 one.
19        Number two, the deposition will be allowed to be
20 continued at a later date if it's not finished today to
21 deal with the documents you're going to provide regarding
22 declaration two.  Do you understand?
23        MR. MCCUNE:  Yes.
24        THE COURT:  Do you understand, Mr. Pidcock?
25        MR. PIDCOCK:  Yes, Your Honor.

C E R T I F I C A T E

I, DEBRA L. WILLIAMS, CCR, NM CCR #92, DO HEREBY CERTIFY that the foregoing transcription was prepared from a provided audio file, that the audio file was reduced to typewritten transcription by KATHERINE GORDON, and that the foregoing pages are a true and correct transcription of the recorded proceedings, to the best of our knowledge and hearing ability. The audio file was of poor quality.

I FURTHER CERTIFY that I am neither employed by nor related to nor contracted with (unless exempted by the rules) any of the parties or attorneys in this matter, and that I have no interest whatsoever in the final disposition of this matter.

_____
DEBRA L. WILLIAMS, CCR
NEW MEXICO CCR #92
License Expires: 12/31/21
WILLIAMS & ASSOCIATES, LLC
1608 Fifth Street, Northwest
Albuquerque, New Mexico 87102