UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:  CHUCK McCUNE and                                                                    No. 20-12326-j13
        CHUTHAMARD McCUNE,

        Debtors.

## MEMORANDUM OPINION

Before the Court is the Attorney Interim Fee Application ("Fee Application"–Doc. 75) filed by Davis Miles McGuire Gardner, PLLC ("Attorney") (Ronald E. Holmes), counsel for the Debtors Chuck McCune and Chuthamard McCune. Attorney requests the Court's approval of total attorneys' fees and costs in the amount of $24,272.03. Robert L. Pidcock, attorney and personal representative of the Estate of Thomas W. Kuehn ("Creditor") objected to the Fee Application. Creditor's Objection to Attorney Interim Fee Application by Counsel for Debtors ("Objection") - Doc. 82. No other parties in interest objected to the Fee Application. Having reviewed the Fee Application and the Objection, and being otherwise sufficiently informed, the Court will grant the Fee Application, in part, and disallow a portion of the requested fees.

FACTS[1]

Debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code on December 29, 2020, without counsel. They retained Attorney as counsel on or about January 7, 2021. Debtors paid a retainer of $3,000.00, and later paid an additional $5,000.00 to Attorney. Attorney represented Debtors in this chapter 13 case and in defending Adversary Proceeding

---

[1] At the final hearing on the Fee Application held September 2, 2021, Attorney and Creditor consented to the Court's adjudication of the Fee Application based on the Fee Application and the Objection. The Court also takes judicial notice of the documents filed in this bankruptcy case, the claims register, and the documents filed in Adversary Proceeding No. 21-1013-J. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its own docket), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001); *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999) (same).

No. 21-1013 filed by Creditor. In connection with the bankruptcy case, Attorney prepared amended schedules and statement of financial affairs, filed a chapter 13 plan, attended the meeting of creditors, and responded to several objections and motions filed by Creditor, including Creditor's motion to dismiss based on ineligibility under the debt requirements for chapter 13. Attorney ultimately determined not to contest the motion to dismiss, and, instead filed a motion to convert Debtors' case to chapter 11. Attorney also helped prepare and file a proof of claim on behalf of creditor Thomas Leubben (the "Leubben Claim"). The Notice of Chapter 13 Bankruptcy Case fixed a claims bar date of March 9, 2021 for all creditors other than governmental units. Doc. 7. The Leubben Claim was filed on March 2, 2021. *See* Claim 8-1.

In connection with the adversary proceeding, on behalf of Debtors/Defendants, Attorney answered the complaint, responded to several discovery requests and litigated discovery disputes. Attorney filed a Motion for Rule 2004 Exam and Request for Production of Documents (AP No. 21-1013-j–Doc. 8) from International School at Mesa del Sol. That request was later withdrawn. AP No. 21-1013-j–Doc. 14. The Court ultimately granted, in part, Creditor's motion to compel discovery, but also required the entry of a separate confidentiality and protective order. AP No. 21-1013-j–Doc. 54 and 67.[2]

In the amended chapter 13 plan, Attorney disclosed a pre-petition receipt of $3,000.00 from the Debtors and estimated additional fees and costs through confirmation in the amount of $10,000.00. Doc. 39. Attached to the Fee Application is a detailed billing statement that provides narrative descriptions for each task performed by Attorney and his paralegal, the date such task was performed, the time expended, and the amount charged. Several entries indicate "NO

---

[2] The hearing on the motion to compel, the entry of the order compelling discovery, in part, and the entry of the confidentiality and protective order occurred after the period for which Attorney seeks compensation.

2

CHARGE" for the task performed by Attorney's paralegal. Attorney's hourly rate is $312.00, and his paralegal's hourly rate is $132.00. The Fee Application requests reimbursement and approval of expenses for filing fees, postage, copies, and use of electronic legal research databases, together totaling $427.34.

DISCUSSION

Attorneys representing debtors in a chapter 13 case are entitled to:

> reasonable compensation . . . for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

The other factors set forth in 11 U.S.C. § 330 are:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy filed; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

Thus, the Court's evaluation of a Fee Application by an attorney representing a chapter 13 debtor "is made by considering the 'benefit and necessity of the services [to the debtor]' and the factors enumerated in § 330(a)(3)." *Morris v. King (In re Rosales)*, 621 B.R. 903, 927 (Bankr. D. Kan. 2020). In a chapter 13 case, services are necessary when they provide a benefit to the debtor or otherwise contribute toward the administration and

3

completion of the case. *In re Sepulvida*, No. 20-10063-ta13, 2021 WL 1961914, at *4 (Bankr. D.N.M. May 14, 2021) ("Allowance is limited to 'services [that] were necessary to the administration of, or beneficial toward the completion of the case.'" (quoting *In re Shupbach Investments, LLC,* 521 B.R. 559, at *8 (10th Cir. BAP 2014) and noting that "[i]n chapter 13 cases, the benefit can be to the debtor rather than to the estate." (citations omitted))). In general, the Court determines the total allowable fees using the lodestar method, which multiplies the reasonable number of hours expended by the customary hourly rate.[3]

---

[3] *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986) (stating that the lodestar figure is "the product of reasonable hours times a reasonable rate" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)), *supplemented by* 483 U.S. 711 (1987); *In re Reconversion Technologies, Inc.,* 216 B.R. 46, 52 (Bankr. N.D. Okla. 1997) (explaining generally that under the "lodestar" method, the "number of hours expended times a reasonable hourly rate, is used to determine attorney fees" such that "[t]he 'total number of hours reasonably worked on the case' is 'multiplie[d] . . . by the reasonable hourly rate'" citing *In re Cent. Metal Fabrication, Inc.,* 207 B.R. 742, 748 (Bankr. N.D. Fla. 1997) and quoting *In re Cascade Oil Co.,* 126 B.R. 99, 103 (D. Kan. 1991))); *In re Matney*, 407 B.R. 443, *5 (10th Cir. BAP 2009) (unpublished) ("Generally speaking, in bankruptcy cases, the lodestar method, namely number of hours expended times customary hourly rate, is used to determine attorney fees.") (citation omitted), *aff'd,* 365 Fed. App'x 126 (10th Cir. 2010). The lodestar amount may be adjusted upward or downward based on the factors identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 498 U.S. 87 (1989). *In re Market Center East Retail Property, Inc.*, 730 F.3d 1239, 1249 (10th Cir. 2013). The twelve *Johnson* factors are:
    (1) The time and labor required.
    (2) The novelty and difficulty of the questions.
    (3) The skill requisite to perform the legal service properly.
    (4) The preclusion of other employment by the attorney due to acceptance of the case.
    (5) The customary fee.
    (6) Whether the fee is fixed or contingent.
    (7) Time limitations imposed by the client or the circumstances.
    (8) The amount involved and the results obtained.
    (9) The experience, reputation, and ability of the attorneys.
    (10) The "undesirability" of the case.
    (11) The nature and length of the professional relationship with the client.
    (12) Awards in similar cases.
*Johnson*, 488 F.2d at 717-19.
Most of the *Johnson* factors duplicate those now codified in 11 U.S.C. § 330(a)(3). *Matney*, 407 B.R. at *6; *In re Kiser*, No. 06-11453; 2009 WL 161322, at *2 (Bankr. D. Kan. Jan. 22, 2009) ("[F]actors . . . enumerated in § 330(a)(3) . . . include the well-known *Johnson* factors . . . .").

4

The party requesting compensation bears the burden of establishing that the requested fees are reasonable.[4]

Attorney requests the following fees, expenses, and costs incurred from January 7, 2021 through July 16, 2021 for work performed in representing the Debtors in their chapter 13 case and in defending Adversary Proceeding No. 21-1013-j, a non-dischargeability complaint[5] filed by Creditor:

| 1. Attorney fees | $20,810.40 |
|---|---|
| 2. Paralegal fees | $1,203.60 |
| 3. Gross receipts tax ("GRT") on attorney and paralegal fees | $1,740.69 |
| 4. Expenses and costs | $427.34 |
| 5. Total fees, expenses, and costs, including GRT | $24,272.03 |

A. *Reasonableness of the Requested Hourly Rates*

Attorney charged an hourly rate of $312.00, and his paralegal charged an hourly rate of $132.00. Creditor did not contest the reasonableness of the hourly rates, and no evidence of customary rates was presented to the Court from which the Court could evaluate "whether the compensation is reasonable based on the customary compensation

---

[4] *Market Center East*, 730 F.3d at 1246; *In re Commercial Fin. Servs., Inc.*, 427 F.3d 804, 811 (10th Cir. 2005).
[5] An attorney representing a chapter 13 debtor in a related adversary proceeding may be awarded attorney's fees incurred in defending the adversary proceeding even if there is no demonstrated benefit to the estate or necessity to the administration of the estate; is it sufficient if the services were a benefit to the debtor and the requested fees are reasonable in light of § 330(a)(3)'s other factors. *In re Beutel*, No. 19-12690-13, 2021 WL 1093969, at *3 (Bankr. W.D. Wis. Mar. 17, 2021) (explaining that the "language in § 330(b)(4) is an explicit exception to the general prohibition in section 330(a)(4)(A) on compensation for services that were not 'reasonably likely to benefit the debtor's estate' or were not 'necessary to the administration of the estate' . . . . [L]ack of benefit to the estate in a chapter 12 or 13 is not an absolute bar to compensation of debtor's counsel."); *In re Tahah*, 330 B.R. 777, 782-83 (10th Cir. BAP 2005) (J. McFeeley, concurring) (noting the exception in 330(a)(4)(B) to the requirement in 330(a)(4)(A) that "compensation is allowable only for those services reasonably likely to benefit a debtor's estate").

charged by comparably skilled practitioners in cases other than under this title." 11 U.S.C. § 330(F). However, the Court may, in its discretion, rely on its own experience and knowledge of customary hourly rates to assess the reasonableness of an attorney's requested hourly rate.[6] The Court finds, based on its experience and knowledge of the hourly rates typically charged in this district, that the hourly rates for Mr. Holmes and his paralegal are reasonable. Mr. Holmes is an experienced bankruptcy attorney who has been practicing for many years, concentrating his practice in chapter 13 cases.

    B. *Creditor's Objections to the Fee Application*

        1. <u>Fees incurred prosecuting Chapter 13 case</u>

Creditor objects to Attorney's compensation for work performed in amending Debtors' pro se petition, schedules, and in opposing Creditors' motion to dismiss. Creditor reasons that because Attorney abandoned the eligibility issue, he should not be compensated for work prosecuting Debtors' case under chapter 13. Creditor suggests that Attorney knew or should have known all along that the Debtors' debts exceeded the debt limits for chapter 13 relief such that any compensation for work related to filings in the chapter 13 case is, therefore, unreasonable and unnecessary. For the same reason, Creditor contends that the paralegal time should be disallowed because nearly all the

---

[6] *Smith v. Freeman,* 921 F.2d 1120, 1122 (10th Cir. 1990)(noting that "[t]he establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." (quoting *Lucero v. City of Trinidad*, 815 F.2d 1384, 1384 (10th Cir. 1987) and acknowledging that "[a] district judge . . . may also 'turn to her own knowledge' to supplement the evidence." (quoting *Bee v. Greaves,* 910 F.2d 686, 689 n.4. (10th Cir. 1990))); *In re Recycling Indus., Inc.*, 243 B.R. 396, 404 n. 6 (Bankr. D. Colo. 2000) (noting that when there is no evidence of prevailing market rates, the court "may use other relevant factors, including its own knowledge to establish the rate.") (citation omitted); *Lady Baltimore Foods, Inc. v. U.S. Foodservice, Inc. (In re Lady Baltimore Foods, Inc.),* No. 02-43428, 2004 WL 2192365, at *2 (Bankr. D. Kan. Jan. 27, 2004) (stating that the Court "may also use its own knowledge and experience in determining reasonableness." (citation omitted)).

work the paralegal performed related to the prosecution of the Debtors' bankruptcy case under chapter 13. This Court disagrees.

Reasonableness of requested fees must be analyzed at the time they were rendered. 11 U.S.C. § 330(a)(3)(C) ("Whether the services were necessary . . . or beneficial . . . *at the time at which* the service was rendered . . . .") (emphasis added). At the time Attorney performed the services in moving toward confirmation of Debtors' chapter 13 plan it was reasonable for Debtors to proceed under chapter 13. Eligibility is not jurisdictional and may be waived.[7] Once Creditor sought to dismiss the Debtors' bankruptcy case based on lack of eligibility, Attorney still had to evaluate whether to litigate the eligibility issue. Attorney ultimately decided not to contest eligibility, but such decision may have been based on other litigation considerations.[8] As the Court determined its Memorandum Opinion (Doc. 96), Debtors commenced and prosecuted their chapter 13 case in good faith. Thus, Creditor's argument that Attorney's prosecution of the case under chapter 13 warrants disallowance of the fees as unreasonable and unnecessary is not persuasive.

    2. <u>Fees incurred preparing creditor's proof of claim</u>

Creditor points out that Attorney charged for drafting and filing a claim on behalf of a creditor, Thomas Leubben. Billing entries on March 2, 2021 reflect that Attorney spent .85 hours drafting, revising, and finalizing proof of claim for creditor Thomas

---

[7] *In re Friedrich*, 618 B.R. 274, 276–77 (Bankr. W.D. Wis. 2020) (the majority of courts hold that eligibility under § 109(e) is not jurisdictional); *In re Petty*, No. 18-40258, 2018 WL 1956187, at *1 (Bankr. E.D. Tex. Apr. 24, 2018) (objections based on ineligibility may be waived by failure to object timely).

[8] The Court is not considering whether the strategy not to contest chapter 13 eligibility and instead to file a motion to convert to chapter 11 was of benefit to Debtor or the estate, considered as of the time the services were rendered. No party raised that issue.

Leubben. Section 501(c) and Fed.R.Bankr.P. 3004 allow a debtor to file a proof of claim on behalf of a creditor if the creditor does not timely file a proof of claim. 11 U.S.C. § 501(c) ("If a creditor does not timely file a proof of such creditor's claim, the debtor . . . may file a proof of such claim."); Fed.R.Bankr.P. 3004 ("If a creditor does not timely file a proof of claim . . . the debtor . . . may file a proof of claim . . . ."). Allowing debtors to file a claim on behalf of a nonparticipating creditor is beneficial to debtors because it allows them to address those claims through their chapter 13 plan. *See In re Ford*, 205 B.R. 960, 966 (Bankr. N.D. Ala. 1996) ("[O]ne of the principal reasons debtors were given the right to file claims on behalf of creditors was not for the benefit of creditors, but more for the protection of debtors." (citing H.R.Rep. No. 95-595, 95th Cong. 1st Sess. 352 (1977); S.Rep. No. 95-989, 95th Cong. 2d Sess. 61 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787)).

Had the claims bar date passed when Attorney prepared and filed the claim on behalf of Thomas Leubben, Debtors would have complied with the requirements of the Bankruptcy Code and Rules and Attorney's work would have been necessary and beneficial to the Debtors. But the Claims Register reflects that Mr. Leubben's proof of claim was filed *before* the expiration of the claims bar date. The Bankruptcy Code does not authorize a debtor to file a claim on behalf of a creditor unless and until the creditor fails to timely file a proof of claim on the creditor's own behalf. Mr. Leubben should have filed his own proof of claim since there was time for him to do so before the expiration of the claims bar date. Attorney's services in preparing the proof of claim were not necessary at the time they were performed. The Court will disallow the fees in the

amount of $265.20 incurred in preparing and filing the proof of claim on behalf of creditor Thomas Leubben.

3. Fees incurred defending Adversary Proceeding

In connection with the adversary proceeding, Creditor contends that Attorney should not be compensated for work performed in responding to discovery and in objecting to Creditor's motion to compel because the initial responses were so deficient the Court had to compel the Debtors to supplement their discovery responses. Although the Court granted Creditor's motion to compel discovery, in part, the Court also required the entry of a confidentiality and protective order. *See* AP No. 21-1013-j–Doc. 52. Given these circumstances, the Court does not find that Attorney's fees incurred in representing the Debtors in connection with the discovery disputes in AP No. 21-1013-j should be disallowed. The adversary proceeding is hotly contested, and the fees requested, other than those incurred in preparing the Rule 2004 request as discussed below, were both reasonable and necessary and provided a benefit to the Debtors. *See In re Steen*, __ B.R. __, No. 20-50052-rlj13, 2021 WL 2877515, at *4 (Bankr. N.D. Tex. July 8, 2021) (defense of a non-dischargeability action in a chapter 13 case benefits the debtor and is necessary to the completion of the bankruptcy case).

Creditor also asserts that Attorney should not have charged for drafting the request for Rule 2004 examination, given that Attorney had to withdraw the request at the Court's direction. Creditor is correct that a request for Rule 2004 examination cannot be sought once litigation has commenced between the parties. *See In re Kearney*, 590 B.R. 913, 924 (Bankr. D.N.M. 2018) ("If an adversary proceeding . . . is pending between the same two parties, the rules of civil procedure should be used, rather than Bankruptcy Rule 2004."); *In re Valley Forge Plaza Assocs.,* 109 B.R. 669, 674-75 (Bankr. E.D. Pa. 1990) ("[O]nce an adversary proceeding . . . is

under way, discovery sought in furtherance of litigation is subject to the F.R.Civ.P. rather than the broader bounds of R2004." (citations omitted)). Because it was improper to seek a Rule 2004 examination within the context of the adversary proceeding, such services were neither reasonable nor necessary and provided no benefit to the Debtors. The Court will disallow $577.20 for work performed in drafting the Rule 2004 Motion on May 5, 2021 and May 11, 2021, plus applicable gross receipts taxes.

C. *Overall Reasonableness of the Time Expended*

Overall, the time spent on the described tasks in representing the Debtors was reasonable and commensurate with the complexity of the tasks performed.[9] Granted, the requested fees are much higher than typically charged in this district for routine chapter 13 cases and are significantly more than Attorney estimated in the chapter 13 plan would be charged through confirmation. Yet, this is not a typical chapter 13 case. Debtors initiated their case without the assistance of counsel. Upon entering his appearance on behalf of Debtors, Attorney had to familiarize himself with the case and adapt to circumstances that had already occurred while the Debtors were unrepresented. Creditor has been very active in this case, causing Debtors to incur significant fees in responding to Creditor's various motions and in defending the dischargeability complaint. Attorney also exercised billing judgment[10] in reviewing the time entries and did not charge for several tasks performed by his paralegal.

---

[9] "[T]he analysis under § 330 does not require a detailed review and discussion of the line by line entries. The Court may make a subjective judgment based on the entire circumstances presented." *Tahah*, 330 B.R. at 781 (citing *Mares v. Credit Bureau of Raton*, 802 F.2d 1197, 1203 (10th Cir. 1986)).

[10] *See In re Stromberg*, 161 B.R. 510, 517 (Bankr. D. Colo. 1993) ("Not every hour or part of an hour spent by an attorney is 'billable' and it is incumbent on the attorney to exercise 'billing judgment' when submitting [fee] applications to the court.").

10

Finally, Creditor did not contest the reasonableness of any requested costs and expenses. The billing statement attached to the Fee Application includes filing fees totaling $64.00, postage of $85.08, copies in the amount of $139.35, and electronic legal research expenses of $138.01. Having reviewed these requested costs and expenses, the Court finds that they are allowable under 11 U.S.C. § 330(a)(4)(B).[11]

CONCLUSION

Based on the foregoing, the Court will disallow fees in the total amount of amount of $842.40, plus applicable gross receipts taxes, relating to the request for Rule 2004 examination in the related adversary proceeding and to the preparation and filing of a proof of claim for creditor Thomas Leubben in the bankruptcy case. The Court will allow the balance of the requested fees, plus applicable gross receipts taxes, expenses and costs. The Court will enter a separate order consistent with this ruling.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: October 21, 2021

---

[11] *See Matter of Riley*, 923 F.3d 433, 443 (5th Cir. 2019) (holding that "11 U.S.C. §§ 503(b) and 330 provide bankruptcy courts with the discretion to compensate debtor's counsel for advancing the costs of filing fees . . . if they choose to do so . . . ."); *Sepulvida*, 2021 WL 1961914, at *3 ("Compensation generally can include reimbursement of expenses advanced, e.g., filing fees, witness fees, and deposition costs.") (citations omitted); *In re Wyche*, 425 B.R. 779 (Bankr. E.D. Va. 2010) (allowing reimbursement of portions of requested expenses for copies, postage, and pacer charges); *In re Williams*, 384 B.R. 191, 194 (Bankr. N.D. Ohio 2007) (Section 330(a)(4)(B) generally authorizes debtor's counsel to be awarded fees and costs). *But see In re Marotta*, 479 B.R. 681, 690 (Bankr. M.D.N.C. 2012) ("The definition of the word 'compensation' and the absence of 'reimbursement' in Section 330(a)(4)(B) eliminates any basis for reimbursing expenses under the section.").

COPY TO:

Ronald E Holmes
Attorney for Debtor
Davis Miles McGuire Gardner, PLLC
320 Gold SW, Suite 1111
Albuquerque, NM 87102

Robert L. Pidcock
Attorney for the Estate of Thomas W. Kuehn
Robert Pidcock
501 Wyoming Blvd. SE
Albuquerque, NM 87123

Tiffany M. Cornejo
Chapter 13 Trustee