UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: CHUCK MCCUNE and
CHUTHAMARD MCCUNE,

No. 20-12326-j7

Debtors.

**<u>MEMORADUM OPINION AND ORDER REGARDING DISPOSTION OF FUNDS
HELD BY THE CHAPTER 13 TRSTUEE ON CASE CONVERSION TO CHAPTER 7</u>**

Before the Court is the Joint Motion for Clarification of Court's Order Approving Fee Application, in Part, and Disallowing Portion of Requested Compensation, filed November 1, 2021 (the "Joint Motion"–Doc. 109). By the Joint Motion, the Chapter 13 Trustee and Debtors' chapter 13 counsel, Davis Miles McGuire Gardner, PLLC ("Attorneys") ask the Court for clarification on the disposition of funds Debtors paid to the Chapter 13 Trustee under their proposed chapter 13 plan during the pendency of the chapter 13 case that remain on hand upon conversion of this case to chapter 7 (sometimes, "Funds on Hand").

Having reviewed the Joint Motion and relevant caselaw in light of the procedural history of this bankruptcy case, the Court will authorize disbursement of the Funds on Hand to Attorneys in payment of the fees approved by the Order Approving Fee Application, in Part, and Disallowing Portion of Requested Compensation ("Fee Order"–Doc. 100) on the condition that Attorneys file with the Court either (a) a copy of an assignment executed by Debtors authorizing disbursement of the Funds on Hand to Attorneys that is included in the engagement letter the Debtors executed as part of their retention of Attorneys, or (b) a Direction to Pay or an Assignment executed by Debtors post-conversion containing the Certification described below.

PROCEDURAL HISTORY

Debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code on December 29, 2020, without counsel. *See* Doc. 1. Attorneys entered an appearance on behalf of Debtors on January 11, 2021. *See* Doc. 16. Attorneys filed an Interim Fee Application on July 16, 2021. *See* Doc. 75. Attorneys filed a Motion to Withdraw as Counsel for Defendants [Debtors] ("Motion to Withdraw") on October 4, 2021. *See* Doc. 93. On October 13, 2021, the Court entered a Memorandum Opinion and Order[1] that denied the Debtors' motion to convert their bankruptcy case to chapter 11, conditionally denied a creditor's motion to convert the case to chapter 7, and granted the Debtors an opportunity to elect voluntary dismissal of their chapter 13 bankruptcy case under 11 U.S.C. § 1307(b).[2] *See* Docs. 96 and 97. If the Debtors did not voluntarily elect to dismiss their bankruptcy case within ten days of the date of entry of the Order, the Order provided that the Court would convert the case to chapter 7. Doc. 97.

The Fee Order, entered October 21, 2021, included the following provisions:

> The Chapter 13 Trustee is authorized to pay the Fees and Expenses to Attorney from estate funds, less the retainer, if applicable, and any previous, estate-fund payments.
>
> [I]f this case is dismissed and any allowed Fees and Expenses remain unpaid at the time of dismissal, the Chapter 13 Trustee is hereby ordered to pay any funds she had on hand as of the date of dismissal to Debtors' counsel, rather than the Debtors until such allowed Fees and Expenses have been paid. The Court finds that there is cause to modify the provisions of 11 U.S.C. § 349(b)(3) to such an extent.

---

[1] The Order is titled Order 1) Denying Motion to Dismiss Filed by the Estate of Thomas W. Kuehn (Doc. 56); 2) Denying Debtors' Motion to Convert from Chapter 13 to Chapter 11 (Doc. 68); 3) Conditionally Denying the Kuehn Estate's Motion to Convert to Chapter 7 (Doc. 73); and 4) Granting Debtors an Opportunity to Elect Voluntary Dismissal Under § 1307(b). Doc. 97.

[2] All future references to "Code," "Section," and "§" are to Title 11 of the United States Code, unless otherwise indicated.

Debtors did not elect to dismiss their chapter 13 case voluntarily and the case converted to chapter 7 on October 28, 2021. *See* Docs.101 and 102. A chapter 13 plan was not confirmed prior to case conversion. The Court entered an order granting Attorneys' Motion to Withdraw on the same date as the conversion date. *See* Doc. 103. The services of the Chapter 13 Trustee were terminated upon conversion to chapter 7. *See* Doc. 104 (removing Chapter 13 Trustee from the case). Because the Fee Order did not specify what should happen to the Funds on Hand on the conversion date, Attorneys and the Chapter 13 Trustee filed the Joint Motion on November 1, 2021. *See* Doc. 109.

DISCUSSION

Debtors' chapter 13 case converted to chapter 7 before confirmation of Debtors' chapter 13 plan. Section 348(f)(1) provides, with an exception not applicable here, that on conversion of a chapter 13 case to chapter 7 property of the estate in the converted case does not include property acquired by the debtor post-petition. The issue before the Court is whether funds the Debtors paid to the Chapter 13 Trustee in anticipation of confirming a chapter 13 plan should be paid to Attorneys, who have an allowed administrative claim for attorney's fees, or refunded to Debtors. The Court first will address whether the third sentence of § 1326(a)(2) requires the Chapter 13 Trustee to pay the Funds on Hand to Attorneys. The Court will next address whether a debtor's assignment to bankruptcy counsel of the funds held by a chapter 13 trustee upon conversion to chapter 7 provides an independent basis for payment of those funds to the debtor's bankruptcy counsel.

*Consistent with Harris v. Viegelahn, the Court Will Follow its Prior Decision Holding That the Funds on Hand May Not Be Disbursed to Attorneys Under § 1326(a)*

In *Harris v. Viegelahn*, 575 U.S. 510, 513 (2015), the Supreme Court held that, upon conversion to chapter 7, "a debtor who converts to Chapter 7 is entitled to return of any

postpetition wages not yet distributed by the Chapter 13 trustee" under the terms of a confirmed chapter 13 plan. The Supreme Court reasoned that, after conversion to chapter 7, the services of the chapter 13 trustee terminate under § 348(e), and that "no Chapter 13 provision holds sway." *Id.* at 519 and 520.[3] In *In re Beauregard*, 533 B.R. 826, 832 (Bankr. D.N.M. 2015) this Court determined that under *Viegelahn,* funds held by a former chapter 13 trustee upon conversion of a case to chapter 7 must be returned to the debtor and could not be distributed to pay administrative expenses such as debtor's unpaid attorney's fees, regardless of whether the plan was confirmed prior to conversion.[4]

Since *Viegelahn* and *Beauregard*, some courts have held that the former chapter 13 trustee continues to have some ongoing responsibilities following pre-confirmation conversion of a chapter 13 case to chapter 7, and that, under the third sentence of § 1326(a)(2),[5] the chapter 13 trustee is required to pay administrative expenses, such as debtor's counsel's allowed unpaid fee, before returning the Funds on Hand to the debtor. *See, e.g., In re Brandon*, 537 B.R. 231, 236-37

---

[3] *Viegelahn* also determined that the post-petition wages held by the chapter 13 trustee do not become property of the chapter 7 bankruptcy estate, unless the court determines that the debtor converted the case in bad faith. 575 U.S. at 517.

[4] The Court notes that both *Viegelahn* and *Beauregard* are distinguishable if a chapter 13 case is dismissed instead of converted to chapter 7 and the Court is asked to direct the chapter 13 trustee to disburse monies she is holding to pay debtor's counsel's approved attorney's fees. If the case is dismissed, the Court has authority "for cause" under a Code section that is not part of Chapter 13 of the Bankruptcy Code to direct such payment in the dismissal order. *Cf.* § 349(b)(3) (the court for cause can order that property of the estate does not revest in the debtor upon dismissal of a chapter 13 case). *See also In re Beaird*, 578 B.R. 643, 650 (Bankr. D. Kan. 2017) (finding cause under § 349(b)(3) based on the debtor's agreement in the attorney engagement letter that if the chapter 13 case is dismissed funds held by the chapter 13 trustee that otherwise would be refunded to the debtor will be paid to attorney, up to the total fees then due to attorney for the case.).

[5] Section 1326(a)(2) provides:
> A payment under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

(Bankr. D. Md. 2015); *In re Hayden*, No. 4:15-bk-12619-BMW, 2018 WL 3157020, at *2 (Bankr. D. Ariz. June 25, 2018) (following *Brandon* and observing that § 1326(a)(2) "clearly states what the Trustee is to do with funds in her possession if a plan is not confirmed, and the case is converted.").

But *Viegelahn* clearly holds that upon conversion, no chapter 13 provision has any continued application. 575 U.S. at 520. That includes the third sentence of § 1326(a)(2), which addresses case conversion before a plan is confirmed, as well as the second sentence of § 1326(a)(2) at issue in *Viegelahn*, which addresses post-confirmation disbursements. *See Beauregard*, 533 B.R. at 831 ("While *Harris [v. Viegelahn]* was focused on the second sentence of § 1326(a)(2), there is no principled basis upon which to continue to give effect to the third but not the second sentence of § 1326(a)(2) after conversion."). Further, after conversion of a chapter 13 case to chapter 7, § 348(e) provides that the services of the chapter 13 trustee are terminated. *Viegelahn* holds that after case conversion a Chapter 13 trustee is not permitted to perform any trustee "service," which includes distributions to the debtor's creditors under a confirmed chapter 13 plan. 517 U.S. at 519. Payments to creditors holding administrative claims under a chapter 13 provision of the Bankruptcy Code is likewise a trustee "service."

*Disbursement Pursuant to an Assignment of Debtors' Right to Payment*

The Court's *Beauregard* opinion suggested, in dicta, that a possible way in which funds held by the chapter 13 trustee upon conversion to chapter 7 can be used to pay allowed unpaid attorney's fees to debtor's bankruptcy counsel, instead of returning the funds to the debtor, might be for debtor's counsel to include in its engagement letter an assignment of such funds to debtor's counsel. *See Beauregard*, 533 B.R. at 832. The Court now holds that such an assignment is permissible.

An assignment by the debtor to the debtor's bankruptcy counsel of the debtor's right to payment of undisbursed funds from the chapter 13 trustee upon conversion to chapter 7 is consistent with *Viegelahn* because it does not require the Court to give effect to any chapter 13 provision, or require the chapter 13 trustee to carry out a trustee "service," post-conversion. Rather, it simply authorizes and directs the chapter 13 trustee to honor the private agreement between the debtor's counsel and the debtor, who otherwise would be entitled to a return of the funds held by the chapter 13 trustee upon conversion. It is also furthers an important public policy of giving individuals in financial distress who wish to take advantage of the chapter 13 fresh start access to counsel willing to represent them in a chapter 13 case with little or no upfront payment. The *Brandon* court eloquently explained:

> The views expressed by the *Beauregard* court may have been technically *dicta,* but I agree with them completely. I conclude that an assignment like the ones made by the debtors in the *Burrows* and *Rucker* cases is a valid independent basis upon which to approve payment by a Chapter 13 trustee to debtor's counsel to the extent of their unpaid counsel fees and expenses. To hold otherwise and thereby disregard an enforceable engagement agreement would undoubtedly have a chilling effect on the willingness of the consumer bar to represent Chapter 13 debtors. Many attorneys in this district (like the ones involved in these cases) currently undertake Chapter 13 cases with small payments in advance and an expectation that the balance of their fee will be paid from plan payments. Limiting the number of attorneys willing to represent Chapter 13 debtors under such deferred fee arrangements would in short order adversely impact the access of debtors to much needed relief under Chapter 13 of the Bankruptcy Code.

537 B.R. at 238.

*An Assignment Included in the Attorney Engagement Letter Can Authorize the Chapter 13 Trustee to Pay Allowed Attorney's Fees Upon Conversion*

An assignment by the debtor to the debtor's bankruptcy counsel of the debtor's right to payment from the chapter 13 trustee upon conversion to chapter 7 may be included in the engagement letter by which the debtor retained bankruptcy counsel. The Joint Motion does not include a copy of an engagement letter signed by Debtors that might have included an such an

assignment. If the engagement letter contains such an assignment, Attorneys may file a copy of the engagement letter to supplement the Joint Motion.

*An Assignment or Direction to Pay Debtor's Counsel's
Allowed Attorney's Fees Executed Post-Conversion May Be Sufficient*

If the engagement letter does not contain such an assignment, Attorneys alternatively may now seek to obtain from Debtors an assignment or direction to pay Attorneys' allowed unpaid fees from funds held by the Chapter 13 Trustee. In general, obtaining an assignment or direction to pay from the debtor of post-petition wages or other monies held by the chapter 13 trustee *after* the attorney agreed to represent a debtor may be problematic because of the potential undue pressure placed on a debtor to execute an assignment in order to secure counsel's continued representation during the bankruptcy case or to maintain a good relationship with counsel. But here, because Attorneys have withdrawn from representing Debtors, there does not exist an inherent undue pressure for Debtors to consent to an assignment of funds, if they did not already done so in an engagement letter when Attorneys first agreed to represent them. To ensure that an assignment or direction to pay executed after Attorneys' withdrew from representing Debtors is truly voluntary, the assignment or direction to pay must contain a certification substantially to the following effect, separately executed by Debtors:

<u>Certification that the Assignment is Truly Voluntary</u>

> Chuck and Chuthamard McCune (1) understand that they are under no obligation to direct the former Chapter 13 Trustee to pay any moneys to Davis Miles McGuire Gardner, PLLC ("Davis, Miles Firm"), (2) understand that if the Chapter 13 Trustee does not pay monies she has on hand to the Davis, Miles Firm she will refund the monies to Mr. and Mrs. McCune, and (3) of their own free will, and without any duress or pressure, direct the Chapter 13 Trustee to pay the monies she has on hand to the Davis, Miles Firm up to the amount of the court-allowed unpaid compensation, with any excess funds returned to the McCunes.

-7-

Case 20-12326-j7    Doc 119    Filed 11/12/21    Entered 11/12/21 13:31:03 Page 7 of 8

WHEREFORE, IT IS HEREBY ORDERED that the Joint Motion is GRANTED, as follows:

- If Attorneys supplement the Joint Motion by December 3, 2021 with a copy of an engagement letter that includes an assignment, or a separate assignment or direction to pay signed by Debtors after Attorneys withdrew from representing them containing the required Certification, in appropriate form and substance, the Court will enter an order authorizing the Chapter 13 Trustee to disburse Funds on Hand in payment of Attorneys' Court approved attorney's fees and expenses, with any excess funds to be returned to the McCunes.

- If Attorneys do not timely so supplement the Joint Motion, the Chapter 13 Trustee must return all Funds on Hand to the Debtors.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: November 12, 2021

COPY TO:

Ronald E Holmes
Former Counsel for the Debtors
Davis Miles McGuire Gardner, PLLC
320 Gold SW, Suite 1111
Albuquerque, NM 87102

Chuck McCune
Chuthamard McCune
Debtors
2139 Don Andres Pl SW
Albuquerque, NM 87105

Tiffany M. Cornejo
Former Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111